## Case No. 6,057.

### HARDY et al. v. BININGER et al.

[The case reported under above title in 4 N. B. R. 262 (Quarto, 77), is the same as Case No. 1,420.]

## Case No. 6,058.

### HARDY et al. v. CLARK et al.

[The district court decision, reported in 3 N. B. R. 385 (Quarto, 99); 3 Am. Law T. Rep. Bankr. 11; 17 Pittsb. Leg. J. 61; 2 Chi. Leg. News, 121, and 1 Am. Law T. Rep. Bankr. 151, —is included in the report of the circuit court. Case No. 1,420.]

HARDY (COOPER v.).　See Case No. 3,196.

## Case No. 6,059.

### HARDY et al. v. HARBIN et al.

#### [1 Sawy. 194.] [1]

Circuit Court, D. California.　June 21, 1870.[2]

PATENT FOR MEXICAN GRANTS—PURCHASERS FROM PATENTEE.

Where a bill was filed by the alleged heirs of a deceased Mexican grantee of a ranch against certain persons who had purchased from a party to whom the land had been confirmed and patented, to compel a transfer of the estate purchased, and a delivery of the patent and other muniments of title to the complainants, and it appeared that the patentee derived title under a sale made by order of the probate court which under the decisions of the supreme court was without jurisdiction to order the sale, and it further appeared that the defendants were bona fide purchasers for full value, from the patentee and had no actual notice of any defects in the deraignment of his title from the original grantee: Held, that the recitals in the patent that the claim was founded on a Mexican grant; that it had been confirmed by the board and the district court; and that the patent did not affect the rights of third persons, did not affect the defendants with constructive notice of the transcript and records of the board and of the district and of the proceedings in the probate court and the administrator's sale which those records described, and further that their omission to take notice of those proceedings and that the administrator's deed was a nullity was not an act of crassa negligentia or "an omission to take a reasonable and well established precaution which should be treated as equivalent thereto."

[Cited in Parkhurst v. Hosford, 21 Fed. 835.]
[See note at end of case.]

[This was a bill in equity by Alexander Hardy, Thomas Botham, and Ellen Hardy Botham against James M. Harbin, George Taylor, J. C. Parrish, and others.　See Case No. 6,060.]

W. W Chipman and B. S. Brooks, for complainants.

J. B. Harmon, for defendants.

HOFFMAN, District Judge.　The complainants in this case are the children of one John

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

[2] [Affirmed in 154 U. S. 598, 14 Sup. Ct. 1172.]

Hardy, a native of Canada, who, it is alleged, left that country in 1832, and after various wanderings arrived in California, where, having become a Mexican citizen, and assumed the name of Thomas M. Hardy, he obtained from Governor Micheltorena a grant of the premises in controversy.　This grant is dated October 23d, 1843.

In October, 1848, Hardy died, leaving no heirs or relatives residing in this state.　One Stephen Cooper, to whose house Hardy's body had been carried from the rancho at which he had died, and who had buried him, thereupon applied to C. P. Wilkins, then acting as prefect, to be appointed as administrator of Hardy's estate.　Letters of administration were accordingly issued to him on the twenty-seventh day of March, 1850.

On the twelfth March, 1851, Wilkins, whose office had previously been abolished, transferred the papers and documents in the case to the then recently organized probate court. Soon afterward, the probate court, on the petition of the administrator, made an order for the sale of the real property of the deceased, and it was accordingly sold for the sum of $6,000.　The sale was confirmed by the probate court, and in July, 1851, a conveyance was executed by the administrator to the purchaser.

In 1852, the claim of the purchasers and parties deriving title from them, was presented to the board of commissioners for confirmation.　In July, 1855, the claim was confirmed by the board, and in March, 1857, by the district court on appeal.　This decree having been made final by consent of the attorney-general of the United States, a patent was issued to the claimants in July, 1858. The defendants claim title under the patent by conveyances subsequent to its date, with the exception of two or three who obtained their deeds after the final confirmation, but before the patent issued.

The complainants insist, that the prefect of the district of Sonoma had no jurisdiction over the estate of Hardy, or authority to appoint an administrator thereof; that all acts under color of such appointment are null and void, and that the probate court of Solano county acquired no jurisdiction by the transfer to it, by the prefect, of the papers in the case.

They also insist, that even if the probate court acquired any jurisdiction over the estate, it never acquired jurisdiction to order a sale of the real property of the decedent, by reason of various defects and omissions in the petition and proceedings for the sale, which the bill sets forth; and also, that the sale was vitiated by fraudulent practices on the part of the administrator and purchaser, which the bill details at length; that the whole proceeding was the result of a fraudulent conspiracy against the rights of the absent heirs of Hardy; and that the defendants had notice of these frauds before they acquired their respective interests.